IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

06 AUG 21 PM 2:19

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> GENESYS CONFERENCING, INC.; GLOBAL CROSSING TELECOMMUNICATIONS, INC. D/B/A GLOBAL CROSSING CONFERENCING; and PREMIERE GLOBAL SERVICES, INC. <br><br> Defendants. | CASE NO. 5 0 6 C V 1 8 7 <br> Jury Trial Demanded |

## PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), by counsel, alleges as follows:

### THE PARTIES

1. Plaintiff Katz Technology Licensing is a limited partnership organized under the laws of the State of California, and having a principal place of business at 9220 Sunset Blvd. #315, Los Angeles, California 90069.

2. On information and belief, Defendant Genesys Conferencing, Inc. ("Genesys") is a wholly-owned subsidiary of Genesys S.A., maintaining its principal place of business at 8020 Towers Crescent Dr., Vienna, VA 22182.

505993 v2/SD

3. On information and belief, Defendant Global Crossing Telecommunications, Inc. d/b/a Global Crossing Conferencing ("Global Crossing") is a telecommunications company maintaining its principal place of business at 1499 W 121st Ave, Denver, CO 80234-2076.

4. On information and belief, Defendant Premiere Global Services, Inc. ("Premiere Global Services") is a global outsource provider of business process solutions maintaining its principal place of business at 3399 Peachtree Road NE, The Lenox Building, Suite 700, Atlanta, Georgia 30326.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1 *et seq*.

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Genesys is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) operating infringing automated telephone meeting centers and conferencing systems that allow their customers, including customers within this State and in this District, to perform meeting and/or calling functions over the telephone; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District.

8. Defendant Global Crossing is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) operating infringing automated telephone meeting centers, conferencing systems and calling card systems that allow their customers, including customers within this State and in this District, to perform

meeting and/or calling functions over the telephone; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District.

9. Defendant Premiere Global Services is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) operating infringing automated telephone meeting centers and conferencing systems that allow their customers, including customers within this State and in this District, to perform meeting and/or calling functions over the telephone; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## BACKGROUND FACTS

11. Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents in suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

12. In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded

cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

13. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

14. The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call processing field, including the patents-in-suit which are in the particular field of multiple party telephone conferencing systems.

15. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

16. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

17. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the

patents-in-suit (with the exception of U.S. Patent No. 6,157,711, which issued on December 5, 2000, with Katz Technology Licensing as assignee), from First Data, the owner of all of the Katz interactive call processing patents at that time.

18. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over 100 companies, including in some instances direct competitors of the defendants, have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, and Home Shopping Network.

19. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants have agreed to take a license to any of the patents-in-suit.

## THE PATENTS-IN-SUIT

20. On July 3, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4939773 (the "'773 Patent"), entitled "Multiple Party Telephone Control System," to Ronald A. Katz, sole inventor.

21. On January 22, 1991, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4987590 (the "'590 Patent"), entitled "Multiple Party Telephone Control System," to Ronald A. Katz, sole inventor.

22. On February 25, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5091933 (the "'933 Patent"), entitled "Multiple Party Telephone Control System," to Ronald A. Katz, sole inventor.

23. On March 22, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5297197 (the "'197 Patent"), entitled "Multiple Party Telephone Control System," to Ronald A. Katz, sole inventor.

24. On August 15, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5442688 (the "'688 Patent"), entitled "Multiple Party Telephone Control System," to Ronald A. Katz, sole inventor.

25. On December 5, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6157711 (the "'711 Patent"), entitled "Multiple Party Telephone Control System," to Ronald A. Katz, sole inventor.

## COUNT I
### (PATENT INFRINGEMENT BY GENESYS)

26. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

27. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '773, '590, '933, '197, '688 and '711 Patents (hereinafter "the Patents-in-Suit").

28. Defendant Genesys operates automated telephone conferencing systems that enable its customers to perform multiple-party meetings and various other functions over the telephone.

29. Defendant Genesys has directly and contributorily infringed, and induced others to infringe, one or more claims of each of the Patents-in-Suit by making, using, offering to sell, and/or selling within the United States automated multiple-party telephone conferencing systems.

30. Defendant Genesys continues to infringe, contributorily infringe, and induce others to infringe the Patents-in-Suit.

31.     Defendant Genesys's infringement of the Patents-in-Suit has been willful.

32.     Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by Defendant Genesys's infringement, which will continue unless Defendant Genesys is enjoined by this Court.

## COUNT II
## (PATENT INFRINGEMENT BY GLOBAL CROSSING)

33.     Katz Technology Licensing realleges and incorporates by reference paragraphs 1-32 as if fully set forth herein.

34.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the Patents-in-Suit.

35.     Defendant Global Crossing operates automated telephone conferencing systems that enable its customers to perform multiple-party meetings and various other functions over the telephone, as well as calling-card services that enable its customers to make toll calls billed to a calling card account.

36.     Defendant Global Crossing has directly and contributorily infringed, and induced others to infringe, one or more claims of each of the Patents-in-Suit by making, using, offering to sell, and/or selling within the United States automated multiple-party telephone conferencing systems, and calling card services.

37.     Defendant Global Crossing continues to infringe, contributorily infringe, and induce others to infringe the Patents-in-Suit.

38.     Defendant Global Crossing's infringement of the Patents-in-Suit has been willful.

39.     Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by Defendant Global Crossing's infringement, which will continue unless Defendant Global Crossing is enjoined by this Court.

## COUNT III
## (PATENT INFRINGEMENT BY PREMIERE GLOBAL SERVICES)

40. Katz Technology Licensing realleges and incorporates by reference paragraphs 1-39 as if fully set forth herein.

41. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the Patents-in-Suit.

42. Defendant Premiere Global Services operates automated telephone conferencing systems that enable its customers to perform multiple-party meetings and various other functions over the telephone.

43. Defendant Premiere Global Services has directly and contributorily infringed, and induced others to infringe, one or more claims of each of the Patents-in-Suit by making, using, offering to sell, and/or selling within the United States automated multiple-party telephone conferencing systems.

44. Defendant Premiere Global Services continues to infringe, contributorily infringe, and induce others to infringe the Patents-in-Suit.

45. Defendant Premiere Global Services's infringement of the Patents-in-Suit has been willful.

46. Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by Defendant Premiere Global Services's infringement, which will continue unless Defendant Premiere Global Services is enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Katz Technology Licensing respectfully requests the following relief:

A. A judgment holding Genesys liable for infringement of the Patents-in-Suit;

B. A permanent injunction against Genesys, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the Patents-in-Suit;

C. An accounting for damages resulting from Genesys's infringement of the Patents-in-Suit, together with pre-judgment and post-judgment interest;

D. A judgment holding that Genesys's infringement of the Patents-in-Suit is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

E. A judgment holding Defendant Global Crossing liable for infringement of the Patents-in-Suit;

F. A permanent injunction against Defendant Global Crossing, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the Patents-in-Suit;

G. An accounting for damages resulting from Defendant Global Crossing's infringement of the Patents-in-Suit, together with pre-judgment and post-judgment interest;

H. A judgment holding Defendant Global Crossing's infringement of the Patents-in-Suit is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

I. A judgment holding Defendant Premiere Global Services liable for infringement of the Patents-in-Suit;

J. A permanent injunction against Defendant Premiere Global Services, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and

successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the Patents-in-Suit;

K.  An accounting for damages resulting from Defendant Premiere Global Services's infringement of the Patents-in-Suit, together with pre-judgment and post-judgment interest;

L.  A judgment holding that Defendant Premiere Global Services's infringement of the Patents-in-Suit is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

M.  A judgment holding this Action an exceptional case, and an award to Plaintiff Katz Technology Licensing for its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

N.  Such other relief as the Court deems just and equitable.

Dated: August 21, 2006               Respectfully submitted,


                                     By: /s/ Damon M. Young
                                         Damon M. Young
                                         Lead Attorney
                                         State Bar No. 22176700
                                         dmyoung64@aol.com
                                         YOUNG PICKETT & LEE
                                         4122 Texas Boulevard
                                         P.O. Box 1897
                                         Texarkana, TX 75504-1897
                                         Telephone:   (903) 794-1303
                                         Facsimile:   (903) 792-5098

                                     Of Counsel:

                                         Stephen C. Neal
                                         nealsc@cooley.com
                                         Ricardo Rodriguez
                                         rr@cooley.com
                                         Timothy S. Teter
                                         teterts@cooley.com
                                         COOLEY GODWARD LLP
                                         Five Palo Alto Square
                                         3000 El Camino Real
                                         Palo Alto, CA  94306-2155
                                         Telephone:   (650) 843-5000
                                         Facsimile:   (650) 857-0663

                                         Frank V. Pietrantonio
                                         fpietrantonio@cooley.com
                                         Jonathan G. Graves
                                         jgraves@cooley.com
                                         COOLEY GODWARD LLP
                                         One Freedom Square
                                         11951 Freedom Drive
                                         Reston, VA  20190-5656
                                         Telephone:   (703) 456-8000
                                         Facsimile:   (703) 456-8100

                                     *Attorneys for Plaintiff*
                                     *Ronald A. Katz Technology Licensing, L.P.*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Ronald A. Katz Technology Licensing, L.P. hereby demands trial by jury.

Dated: August 21, 2006

Respectfully submitted,

By: /s/ Damon M. Young
Damon M. Young
Lead Attorney
State Bar No. 22176700
dmyoung64@aol.com
YOUNG PICKETT & LEE
4122 Texas Boulevard
P.O. Box 1897
Texarkana, TX 75504-1897
Telephone: (903) 794-1303
Facsimile: (903) 792-5098

Of Counsel:

Stephen C. Neal
nealsc@cooley.com
Ricardo Rodriguez
rr@cooley.com
Timothy S. Teter
teterts@cooley.com
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Frank V. Pietrantonio
fpietrantonio@cooley.com
Jonathan G. Graves
jgraves@cooley.com
COOLEY GODWARD LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*