ROBERT T. HASLAM (CA Bar No. 71134)
robert.haslam@hellerehrman.com
ANDREW C. BYRNES (CA BAR NO. 191516)
andrew.byrnes@hellerehrman.com
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone:   (650) 324-7000
Facsimile:    (650) 324-0638

MICHAEL K. PLIMACK (CA BAR NO. 133869)
michael.plimack@hellerehrman.com
DALE A. RICE (CA BAR NO. 146249)
dale.rice@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104
Telephone:   (415) 772-6000
Facsimile:    (415) 772-6268

Attorneys for Plaintiff and Defendant
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Katz Interactive Call Processing Patent Litigation, | Case No. 07-ML-01816-B-RGK (FFMx) |
| Ronald A. Katz Technology Licensing, L.P. v. Time Warner Cable Inc., CV 07-2134 RGK (FFMx) | **PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), states as follows for its complaint against Time Warner Cable Inc., Time Warner NY Cable LLC, Time Warner Entertainment Company, L.P., AOL LLC, CompuServe Interactive Services, Inc., Netscape Communications Corporation, United States Cellular Corporation, TDS Telecommunications Corporation, TDS Metrocom, LLC, Cablevision Systems Corporation, CSC Holdings, Inc., Cablevision Systems New York City Corporation, Cablevision of Brookhaven, Inc., Cablevision of Connecticut Corporation, Cablevision of Hudson County, Inc., Cablevision of Litchfield, Inc., Cablevision of Monmouth, Inc., Cablevision of New Jersey, Inc., Cablevision of Oakland, LLC, Cablevision of Rockland/Ramapo, LLC, Charter Communications, Inc., Charter Communications Holding Company, LLC, Charter Communications Operating, LLC, and Charter Communications Entertainment I, LLC:

## THE PARTIES

1.      Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.      On information and belief, Defendant Time Warner Cable Inc. is a Delaware corporation with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902.

3.      On information and belief, Defendant Time Warner NY Cable LLC is (a) a Delaware corporation with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902, and (b) a subsidiary of Time Warner Cable Inc.

4.      On information and belief, Defendant Time Warner Entertainment Company, L.P. is (a) a Delaware limited partnership with its principal place of business at 75 Rockefeller Plaza, New York City, New York 10019, and (b) a subsidiary of Time Warner Cable Inc.

5.     On information and belief, Defendant AOL LLC is a Delaware corporation with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166.

6.     On information and belief, Defendant CompuServe Interactive Services, Inc. is (a) a Delaware corporation with its principal place of business at 5000 Arlington Centre Boulevard, Columbus, Ohio 43220, and (b) a subsidiary of AOL LLC.

7.     On information and belief, Defendant Netscape Communications Corporation is (a) a Delaware corporation with its principal place of business at 501 East Middlefield Road, Mountain View, California 94043, and (b) a subsidiary of AOL LLC.

8.     On information and belief, Defendant United States Cellular Corporation is a Delaware corporation with its principal place of business at 8410 West Bryn Mawr, Chicago, Illinois 60631.

9.     On information and belief, Defendant TDS Telecommunications Corporation is (a) a Delaware corporation with its principal place of business at 525 Junction Road, Madison, Wisconsin 53717, and (b) affiliated with United States Cellular Corporation.

10.     On information and belief, Defendant TDS Metrocom, LLC is (a) a Delaware corporation with its principal place of business at 525 Junction Road, Madison, Wisconsin 53717, and (b) affiliated with United States Cellular Corporation and TDS Telecommunications Corporation.

11.     On information and belief, Defendant Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue Bethpage, New York 11714.

12.     On information and belief, Defendant CSC Holdings, Inc. is (a) a Delaware corporation with its principal place of business at 1111 Stewart Avenue,

Bethpage, New York 11714, and (b) a subsidiary of Cablevision Systems Corporation.

13.     On information and belief, Defendant Cablevision Systems New York City Corporation is (a) a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and (b) a subsidiary of Cablevision Systems Corporation.

14.     On information and belief, Defendant Cablevision of Brookhaven, Inc. is (a) a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and (b) a subsidiary of Cablevision Systems Corporation.

15.     On information and belief, Defendant Cablevision of Connecticut Corporation is (a) a Delaware corporation with its principal place of business at 28 Cross Street, Norwalk, Connecticut 06851, and (b) a subsidiary of Cablevision Systems Corporation.

16.     On information and belief, Defendant Cablevision of Hudson County, Inc. is (a) a Delaware corporation with its principal place of business at 360 First Street, Hoboken, New Jersey 07030, and (b) a subsidiary of Cablevision Systems Corporation.

17.     On information and belief, Defendant Cablevision of Litchfield, Inc. is (a) a Delaware corporation with its principal place of business at 622 Torrington Road, Litchfield, Connecticut 06759, and (b) a subsidiary of Cablevision Systems Corporation.

18.     On information and belief, Defendant Cablevision of Monmouth, Inc. is (a) a Delaware corporation with its principal place of business at 1501 Eighteenth Avenue, Belmar, New Jersey 07719, and (b) a subsidiary of Cablevision Systems Corporation.

19.     On information and belief, Defendant Cablevision of New Jersey, Inc. is (a) a Delaware corporation with its principal place of business at 5 Legion Drive,

Cresskill, New Jersey 07626, and (b) a subsidiary of Cablevision Systems
Corporation.

20.     On information and belief, Defendant Cablevision of Oakland, LLC is
(a) a Delaware corporation with its principal place of business at 80 State Street,
Albany, New York 12207, and (b) a subsidiary of Cablevision Systems Corporation.

21.     On information and belief, Defendant Cablevision of Rockland/Ramapo,
LLC is (a) a Delaware corporation with its principal place of business at 80 State
Street, Albany, New York 12207, and (b) a subsidiary of Cablevision Systems
Corporation.

22.     On information and belief, Defendant Charter Communications, Inc. is a
Delaware corporation with its principal place of business at 12405 Powerscourt
Drive, St. Louis, Missouri 63131.

23.     On information and belief, Defendant Charter Communications Holding
Company, LLC is (a) a Delaware corporation with its principal place of business at
12405 Powerscourt Drive, St. Louis, Missouri 63131, and (b) a subsidiary of Charter
Communications, Inc.

24.     On information and belief, Defendant Charter Communications
Operating, LLC is (a) a Delaware corporation with its principal place of business at
12405 Powerscourt Drive, St. Louis, Missouri 63131, and (b) a subsidiary of Charter
Communications, Inc.

25.     On information and belief, Defendant Charter Communications
Entertainment I, LLC is (a) a Delaware corporation with its principal place of
business at 12405 Powerscourt Drive, St. Louis, Missouri 63131, and (b) a subsidiary
of Charter Communications, Inc.

## JURISDICTION AND VENUE

26.     This is an action arising under the patent laws of the United States, 35
U.S.C. sections 101 *et seq*.  This Court has subject matter jurisdiction over this action
under 28 U.S.C. sections 1331 and 1338(a).

4

27.     Defendants Time Warner Cable Inc., Time Warner NY Cable LLC, and Time Warner Entertainment Company, L.P. (collectively "Time Warner Cable Defendants") are subject to personal jurisdiction in the District of Delaware because, on information and belief, Time Warner Cable Inc. and Time Warner NY Cable LLC are Delaware corporations, Time Warner Entertainment Company, L.P. is a Delaware limited partnership, and all three Time Warner Cable Defendants have designated a registered agent in the district.

28.     Defendants AOL LLC, CompuServe Interactive Services, Inc., and Netscape Communications Corporation (collectively "AOL Defendants") are subject to personal jurisdiction in the District of Delaware because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in the district; (2) they do substantial business in the district; (3) they operate infringing automated call processing systems for voicemail services, customer service, and technical support for their customers, including customers in the district; and (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in the district.

29.     Defendants United States Cellular Corporation, TDS Telecommunications Corporation, and TDS Metrocom, LLC (collectively "TDS Defendants") are subject to personal jurisdiction in the District of Delaware because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in the district; and (2) United States Cellular Corporation provides wireless services with a coverage area that includes the district.

30.     Cablevision Systems Corporation, CSC Holdings, Inc., Cablevision Systems New York City Corporation, Cablevision of Brookhaven, Inc., Cablevision of Connecticut Corporation, Cablevision of Hudson County, Inc., Cablevision of Litchfield, Inc., Cablevision of Monmouth, Inc., Cablevision of New Jersey, Inc., Cablevision of Oakland, LLC, and Cablevision of Rockland/Ramapo, LLC (collectively "Cablevision Defendants") are subject to personal jurisdiction because,

5

1  on information and belief, they are Delaware corporations and have designated a

2  registered agent in this district.

3       31.     Charter Communications, Inc., Charter Communications Holding

4  Company, LLC, Charter Communications Operating, LLC, and Charter

5  Communications Entertainment I, LLC (collectively "Charter Communications

6  Defendants") are subject to personal jurisdiction in the District of Delaware because,

7  on information and belief, they are Delaware corporations and have designated a

8  registered agent in the district.

9       32.     Venue is proper in the District of Delaware under 28 U.S.C.

10  sections 1391(c) and 1400(b) because the Defendants are incorporated, reside, have

11  designated a registered agent in, and/or engage in significant business activities in the

12  District of Delaware as set forth in Paragraphs 2-25 and 27-31 above.

13                            **BACKGROUND**

14       33.     Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is

15  the sole inventor of each of the patents-in-suit.  Mr. Katz has been widely recognized

16  as one of the most prolific and successful inventors of our time, and his inventions

17  over the last forty-plus years have been utilized by literally millions of people.

18       34.     In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first

19  company to provide online, real-time credit authorization, allowing merchants to

20  verify checks over the telephone.  Further innovations from Telecredit include the

21  first online, real-time, point-of-sale credit verification terminal, which enabled

22  merchants to verify checks without requiring the assistance of a live operator, and the

23  first device that used and updated magnetically-encoded cards in automated teller

24  machines.  Multiple patents issued from these innovations, including patents co-

25  invented by Mr. Katz.

26       35.     Telecredit was eventually acquired by Equifax, and has now been spun

27  off as Certegy, a public company traded on the New York Stock Exchange.  Certegy

28

KATZ'S AMENDED COMPLAINT               CASE NO. 07-ML-1816-B-RGK (FFMx)

Case 2:07-cv-02134-RGK -FFM   Document 206   Filed 01/15/08   Page 8 of 24   Page ID
#:2593

1  continues to provide services in the credit and check verification field established by
2  Mr. Katz and Telecredit.

3      36.    Mr. Katz's inventions have not been limited to telephonic check
4  verification.  Indeed, Mr. Katz is responsible for advancements in many fields of
5  technology.  Among his most prominent and well-known innovations are those in the
6  field of interactive call processing.  Mr. Katz's inventions in that field are directed to
7  the integration of telephonic systems with computer databases and live operator call
8  centers to provide interactive call processing services.

9      37.    The first of Mr. Katz's interactive call processing patents issued on
10  December 20, 1988.  More than fifty U.S. patents have issued to Mr. Katz for his
11  inventions in the interactive call-processing field, including each of the patents-in-
12  suit.

13      38.    In 1988, Mr. Katz partnered with American Express to establish FDR
14  Interactive Technologies, later renamed Call Interactive, to provide interactive call
15  processing services based on Mr. Katz's inventions.  The American Express business
16  unit involved in this joint venture later became known as First Data.

17      39.    Early clients of Call Interactive included *The New York Times*, ABC's
18  *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-
19  Wesson division).

20      40.    Many of these clients utilized Call Interactive technology for high-
21  profile events.  For example, CBS News hired Call Interactive to operate an
22  interactive, real-time telephone poll to gauge viewer reaction to President
23  George H.W. Bush's 1992 State of the Union address.

24      41.    Mr. Katz sold his interest in Call Interactive to American Express in
25  1989 but continued to provide advisory services to Call Interactive until 1992.
26  American Express later spun off the First Data business unit into a separate
27  corporation, and with that new entity went Mr. Katz's interactive call processing
28  patents and the Call Interactive call processing business.  The former Call Interactive,

now known as First Data Voice Services, continues to provide call processing solutions today.

42. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

43. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

44. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

45. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

46. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to

8

Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

47.     On July 3, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,939,773 (the "'773 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

48.     On January 22, 1991, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,987,590 (the "'590 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

49.     On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

50.     On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

51.     On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 (the "'309 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '309 Patent expired on December 20, 2005.

52.     On November 2, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,259,023 (the "'023 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '023 Patent expired on December 20, 2005.

53.     On March 22, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,297,197 (the "'197 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

9

54.     On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System."  The '285 Patent expired on December 20, 2005.

55.     On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 (the "'707 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '707 Patent expired on December 20, 2005.

56.     On August 15, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,442,688 (the "'688 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

57.     On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '863 Patent expired on December 20, 2005.

58.     On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 (the "'156 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System."  The '156 Patent expired on December 20, 2005.

59.     On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '551 Patent expired on December 20, 2005.

60.     On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

KATZ'S AMENDED COMPLAINT                    CASE NO. 07-ML-1816-B-RGK (FFMx)

61.     On November 10, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,835,576 (the "'576 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery Device."  The '576 Patent expired on July 10, 2005.

62.     On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '762 Patent expired on December 20, 2005.

63.     On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System."  The '893 Patent expired on December 20, 2005.

64.     On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

65.     On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '021 Patent expired on December 20, 2005.

66.     On March 28, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,044,135 (the "'135 Patent") to Ronald A. Katz for an invention entitled "Telephone-Interface Lottery System."  The '135 Patent expired on July 10, 2005.

67.     On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '065 Patent expired on July 10, 2005.

68.     On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,157,711 (the "'711 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

69.     On September 18, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,292,547 (the "'547 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '547 Patent expired on July 10, 2005.

70.     On January l, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System."  The '965 Patent expired on December 20, 2005.

71.     On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '134 Patent expired on December 20, 2005.

72.     On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System."  The '703 Patent expired on July 10, 2005.

73.     On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."  The '223 Patent expired on July 10, 2005.

74.     On September 10, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,449,346 (the "'346 Patent") to Ronald A. Katz entitled "Telephone-Television Interface Statistical Analysis System."  The '346 Patent expired on December 20, 2005.

75.     On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Game Control System."  The '415 Patent expired on July 10, 2005.

76.     On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '360 Patent expired on July 10, 2005.

**FIRST CLAIM**
**(PATENT INFRINGEMENT BY TIME WARNER CABLE DEFENDANTS)**

77.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-76 of this Complaint as if fully set forth herein.

78.     The Time Warner Cable Defendants serve subscribers throughout the United States with cable television, high-speed data, Voice over Internet Protocol service, and enhanced digital video products and services.

79.     On information and belief, the Time Warner Cable Defendants use and/or have used infringing call processing systems to offer automated customer service, voicemail functions, and pay-per-view to their customers.  Using an automated system, in some instances in connection with live operators, the Time Warner Cable Defendants allow their customers to access information about their accounts, make credit card payments, confirm appointments, establish or change their personal identification numbers, access voicemail messages, order digital content to be delivered to their televisions, and perform various other functions.

80.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '285, '309, '346, '360, '415, '551, '703, '707, '734, '762, '863, '893, '965, '968, and '984 Patents.

81.     On information and belief, in their automated customer service, voicemail functions, and "Video on Demand" operations described in Paragraph 79

13

KATZ'S AMENDED COMPLAINT                    CASE NO. 07-ML-1816-B-RGK (FFMx)

(collectively, the "Accused Time Warner Cable Services"), the Time Warner Cable Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 80 of this Complaint by making, using, offering to sell, or selling the Accused Time Warner Cable Services.

82.     On information and belief, the Time Warner Cable Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Time Warner Cable Services.

83.     The Time Warner Cable Defendants' infringement of the patents identified in Paragraph 80 of this Complaint has been and is willful.

84.     The Time Warner Cable Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (PATENT INFRINGEMENT BY AOL DEFENDANTS)

85.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-76 of this Complaint as if fully set forth herein.

86.     The AOL Defendants offer Internet access subscription services and operate a network of Web brands and digital services.

87.     On information and belief, the AOL Defendants use infringing call processing systems to offer automated customer service, AOL By Phone, voicemail functions, and technical support to their customers.  Using an automated system, in some instances in connection with operators, the AOL Defendants allow their customers to access information about their accounts, access email and voicemail messages, make credit card payments, change their passwords, cancel their accounts, receive technical support, and perform various other functions.

KATZ'S AMENDED COMPLAINT                    CASE NO. 07-ML-1816-B-RGK (FFMx)

88.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '023, '065, '120, '134, '150, '223, '285, '360, '415, '551, '703, '707, '734, '762, '863, '893, '965, '968, and '984 Patents.

89.     On information and belief, in their automated customer service, AOL By Phone, voicemail, and technical support operations described in Paragraph 87 (collectively, the "Accused AOL Services"), the AOL Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 88 of this Complaint by making, using, offering to sell, or selling the Accused AOL Services.

90.     On information and belief, the AOL Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '734 and '984 Patents by making, using, offering to sell, or selling the Accused AOL Services.

91.     The AOL Defendants' infringement of the patents identified in Paragraph 88 of this Complaint has been and is willful.

92.     The AOL Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

### THIRD CLAIM
#### (PATENT INFRINGEMENT BY TDS DEFENDANTS)

93.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-76 of this Complaint as if fully set forth herein.

94.     The TDS Defendants, subsidiaries of Telephone & Data Systems, Inc., provide telecommunications services, including wireless and landline services, to customers throughout the United States.

95.     On information and belief, the TDS Defendants use infringing call processing systems to offer automated customer service, voicemail functions, and

technical support to their customers.  Using an automated system, in some instances in connection with operators, the TDS Defendants allow their customers to access information about their accounts, check usage and account balances, access voicemail messages, make credit card and bank account payments, access technical support, change their passwords, discontinue service, and perform various other functions.

96.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '134, '150, '223, '285, '309, '360, '415, '547, '551, '707, '734, '762, '863, '893, '965, '968, and '984 Patents.

97.     On information and belief, in their automated account service, voicemail, and technical support operations described in Paragraph 95 (collectively, the "Accused TDS Services"), the TDS Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 96 of this Complaint by making, using, offering to sell, or selling the Accused TDS Services.

98.     On information and belief, the TDS Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '734, and '984 Patents by making, using, offering to sell, or selling the Accused TDS Services.

99.     The TDS Defendants' infringement of the patents identified in Paragraph 96 of this Complaint has been and is willful.

100.   The TDS Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## FOURTH CLAIM
### (PATENT INFRINGEMENT BY CABLEVISION DEFENDANTS)

101.   Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-76 of this Complaint as if fully set forth herein.

16

102.   Cablevision Systems Corporation is a communications and entertainment company.  Through its subsidiaries including CSC Holdings, Inc., Cablevision Systems New York City Corporation, Cablevision of Brookhaven, Inc., Cablevision of Connecticut Corporation, Cablevision of Hudson County, Inc., Cablevision of Litchfield, Inc., Cablevision of Monmouth, Inc., Cablevision of New Jersey, Inc., Cablevision of Oakland, LLC, and Cablevision of Rockland/Ramapo, LLC, Cablevision Systems Corporation provides services including high-speed Internet access, voicemail services, digital cable television offerings, and national television program networks.

103.   On information and belief, the Cablevision Defendants use infringing call processing systems to offer automated cable customer service, business customer service, voicemail services, and pay-per-view ordering services to their customers. Using an automated system, in some instances in connection with operators, the Cablevision Defendants allow their customers to access information about their accounts, make credit card payments, order duplicate bills, access an automated television repair service, order pay-per-view programming, and perform various other functions.

104.   Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '150, '223, '285, '346, '360, '415, '547, '551, '703, '707, '734, '762, '863, '893, '965, '968, and '984 Patents.

105.   On information and belief, in their automated customer service, voicemail service, and pay-per-view service operations described in Paragraph 103 (collectively, the "Accused Cablevision Services"), the Cablevision Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 104 of this Complaint by making, using, offering to sell, or selling the Accused Cablevision Services.

106.   On information and belief, the Cablevision Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Cablevision Services.

107.   The Cablevision Defendants' infringement of the patents identified in Paragraph 104 of this Complaint has been and is willful.

108.   The Cablevision Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## FIFTH CLAIM
### (PATENT INFRINGEMENT BY CHARTER COMMUNICATIONS DEFENDANTS)

109.   Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-76 of this Complaint as if fully set forth herein.

110.   Charter Communications, Inc. is a national broadband communications company with businesses in television services, cable television services, internet services, and pay-per-view television programming that it offers through, *inter alia*, Charter Communications Holding Company, LLC, Charter Communications Operating, LLC, and Charter Communications Entertainment I, LLC.

111.   On information and belief, the Charter Communications Defendants use infringing call processing systems to offer automated customer service, pay-per-view ordering service, and telephone bill pay services to their customers.  Using an automated system, in some instances in connection with operators, the Charter Communications Defendants have allowed, and in some instances continue to allow, their customers to access information about their accounts, make credit card payments, schedule and confirm appointments, establish or change their personal identification numbers, access voicemail messages, order digital content to be delivered to their televisions, and perform various other functions.

112.   Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '150, '223, '285, '360, '415, '551, '707, '734, '762, '863, '893, '965, '968, and '984 Patents.

113.   On information and belief, in their automated customer service, pay-per-view service, and telephone bill pay operations described in Paragraph 111 (collectively, the "Accused Charter Communications Services"), the Charter Communications Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 112 of this Complaint by making, using, offering to sell, or selling the Accused Charter Communications Services.

114.   On information and belief, the Charter Communications Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Charter Communications Services.

115.   The Charter Communications Defendants' infringement of the patents identified in Paragraph 112 of this Complaint has been and is willful.

116.   The Charter Communications Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1.   Adjudge that the Time Warner Cable Defendants have been and are infringing one or more claims of the patents identified in Paragraph 80 of this Complaint by offering the Accused Time Warner Cable Services;

2.   Adjudge that the Time Warner Cable Defendants' infringement has been and is willful;

3.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Time Warner Cable Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

4.     Order an accounting for damages resulting from the Time Warner Cable Defendants' infringement of the patents identified in Paragraph 80 of this Complaint.

5.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Time Warner Cable Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Time Warner Cable Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Time Warner Cable Defendants;

7.     Adjudge that the AOL Defendants have been and are infringing one or more claims of the patents identified in Paragraph 88 of this Complaint by offering the Accused AOL Services;

8.     Adjudge that the AOL Defendants' infringement has been and is willful;

9.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the AOL Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

10.    Order an accounting for damages resulting from the AOL Defendants' infringement of the patents identified in Paragraph 88 of this Complaint;

11.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the AOL Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

KATZ'S AMENDED COMPLAINT                              CASE NO. 07-ML-1816-B-RGK (FFMx)

12.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the AOL Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the AOL Defendants;

13.     Adjudge that the TDS Defendants have been and are infringing one or more claims of the patents identified in Paragraph 96 of this Complaint by offering the Accused TDS Services;

14.     Adjudge that the TDS Defendants' infringement has been and is willful;

15.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the TDS Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

16.     Order an accounting for damages resulting from the TDS Defendants' infringement of the patents identified in Paragraph 96 of this Complaint;

17.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the TDS Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

18.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the TDS Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the TDS Defendants;

19.     Adjudge that the Cablevision Defendants have been and are infringing one or more claims of the patents identified in Paragraph 104 of this Complaint by offering the Accused Cablevision Services;

20.     Adjudge that the Cablevision Defendants' infringement has been and is willful;

21.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Cablevision Defendants, and all persons in active concert or participation with them, from any further acts of infringement,

21

contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

22.    Order an accounting for damages resulting from the Cablevision Defendants' infringement of the patents identified in Paragraph 104 of this Complaint;

23.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Cablevision Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

24.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the Cablevision Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Cablevision Defendants;

25.    Adjudge that the Charter Communications Defendants have been and are infringing one or more claims of the patents identified in Paragraph 112 of this Complaint by offering the Accused Charter Communications Services;

26.    Adjudge that the Charter Communications Defendants' infringement has been and is willful;

27.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Charter Communications Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '734, and '984 Patents;

28.    Order an accounting for damages resulting from the Charter Communications Defendants' infringement of the patents identified in Paragraph 112 of this Complaint;

29.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing

1  for the Charter Communications Defendants' infringement, but in no event less than

2  a reasonable royalty, together with pre-judgment and post-judgment interest;

3      30.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Charter

4  Communications Defendants' willful infringement, trebling all damages awarded to

5  Katz Technology Licensing and against the Charter Communications Defendants;

6  and

7      31.     Award such other relief as the Court may deem appropriate and just

8  under the circumstances.

9

10                          **<u>JURY DEMAND</u>**

11      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh

12  Amendment to the Constitution of the United States, Plaintiff demands a trial by jury

13  of all claims and all issues triable as of right by jury in this action.

14  DATED:  January 15, 2008              HELLER EHRMAN LLP

15

16                          By  _/s/*Robert T. Haslam*_____

17                                Robert T. Haslam
                              Attorneys for Plaintiff RONALD A. KATZ
18                            TECHNOLOGY LICENSING, L.P.

19

20

21

22

23

24

25

26

27

28

KATZ'S AMENDED COMPLAINT                    CASE NO. 07-ML-1816-B-RGK (FFMx)